[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 417.]

CLEVELAND BAR ASSOCIATION *v*. DEMORE-FORD.

[Cite as *Cleveland Bar Assn. v. Demore-Ford*, 2001-Ohio-1590.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct reflecting on fitness to practice law–Neglect of an entrusted legal matter—Failing to seek lawful objectives of client—Failing to carry out contract of employment—Failing to promptly pay or deliver to client funds which client is entitled to receive—Failing to cooperate in disciplinary investigation.*

(No. 01-747—Submitted July 17, 2001—Decided October 3, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-73.

_____

*Per Curiam.*

{¶ 1} On August 29, 1997, Quinten L. Johnson hired respondent, Evette Demore-Ford of Cleveland, Ohio, Attorney Registration No. 0041338, to represent him in a domestic relations matter. Johnson paid respondent $500 as a retainer and $150 for filing fees. Respondent failed to act on this matter despite Johnson's telephone calls, and Johnson filed a grievance with relator, Cleveland Bar Association, on January 14, 1998. In September 1999, after Johnson and relator had sent correspondence to respondent, she returned the $650 to Johnson. However, an earlier check to pay Johnson was a bank check with money drawn from an account that respondent held jointly with an unnamed individual in the Greater Cleveland Firefighters Credit Union, Inc., apparently respondent's personal credit union account. Johnson never received this earlier check. The credit union later notified respondent that the check was stale and, at the apparent request of respondent, replaced the stale check with the check issued in September.

**{¶ 2}** Relator filed a complaint against respondent on August 14, 2000, charging respondent with violations of the Disciplinary Rules as to the Johnson matter and for failure to cooperate with relator's investigation. Respondent did not file an answer, and relator obtained a default judgment against respondent. During the course of this investigation, respondent provided false and misleading information to relator and did not cooperate fully with relator, failing to communicate with relator after relator filed the complaint.

**{¶ 3}** A Master Commissioner of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio ("board") concluded that respondent had violated DR 1-102(A)(6) (engaging in conduct adversely reflecting on lawyer's fitness to practice law), 6-101(A)(3) (neglecting legal matter entrusted to counsel), 7-101(A)(1) (failing to seek lawful objectives of client through reasonably available means), 7-101(A)(2) (failing to carry out contract of employment), 9-102(B)(4) (failing to promptly pay or deliver to client as requested funds in possession of lawyer which client is entitled to receive), and Gov.Bar R. V(4) (failing to cooperate in investigation of disciplinary matter).

**{¶ 4}** In mitigation, the Master Commissioner determined that respondent had no prior disciplinary record and did not display a pattern of conduct similar to the conduct complained about. Moreover, Johnson, the complaining client, received full restitution.

**{¶ 5}** Despite these mitigating factors, the Master Commissioner recommended that we indefinitely suspend respondent from the practice of law. The Master Commissioner reasoned that respondent had demonstrated a negative attitude to the disciplinary process by her responses to the investigation and the filing of the complaint, by her significant delay in returning Johnson's retainer, and by her apparent commingling of an unearned retainer with her personal funds.

**{¶ 6}** The board adopted the findings of fact, conclusions of law, and recommendation of the Master Commissioner.

**{¶ 7}** We adopt the findings, conclusions, and recommendation of the board. We hereby indefinitely suspend respondent from the practice of law. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, RESNICK and LUNDBERG STRATTON, JJ., dissent.

———————————

**LUNDBERG STRATTON, J., dissenting.**

**{¶ 8}** I dissent from the majority's imposition of an indefinite suspension.

**{¶ 9}** We usually reserve the sanction of indefinite suspension for a pattern of alleged neglect or behavior that harms several clients. Here, we have only one victim of neglect and a reimbursement check that was somehow lost in the system with no blame laid on respondent for that loss. Furthermore, the check was replaced once it was determined that the check had been lost. These actions clearly do not demonstrate a *pattern* of neglect. Respondent's real transgression is failing to cooperate in the disciplinary action.

**{¶ 10}** When we compare these facts to the many egregious cases before us for which we give an indefinite suspension, they fall short of the conduct we often see. I do not mean to minimize respondent's actions or her commingling of funds, but I do not believe that this isolated incident justifies the harsh response of indefinite suspension.

**{¶ 11}** I would instead suspend respondent from the practice of law for one year with six months stayed on the condition that respondent set up a proper trust account if she does not already have one and that she have no further violations.

**{¶ 12}** Therefore, I respectfully dissent.

DOUGLAS and RESNICK, JJ., concur in the foregoing dissenting opinion.

———————————

*Matthew P. Moriarty*, *Richard Scislowski* and *Kenneth A. Bravo,* for relator.

_____